| ☒ FILED | ___ LODGED |
|---|---|
| ___ RECEIVED | ___ COPY |

SEP 1 8 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ ＿ DEPUTY

ANITA CALUGAY
Plaintiff in Pro Per
1538 East Jahns Drive
Casa Grande, AZ 85222
(520)876-0510

### DISTRICT COURT OF ARIZONA

### PINAL COUNTY

| | |
|---|---|
| ANITA CALUGAY        ) | CASE NO: CV 09-1947-PHX-LOA |
|                      ) | |
|                      ) | |
|           PLAINTIFF  ) | |
| VS.                  ) | COMPLAINT FOR DAMAGES AND RESCISSION |
|                      ) | |
| GMAC MORTGAGE;GMAC;  ) | |
| GREEN TREE SERVICES; ) | |
| DOES 1 TO 50         ) | |
|          DEFENDANTS  ) | |

## COMPLAINT

COMES NOW, Plaintiff ANITA CALUGAY in Pro Per who complains and alleges as follows:

1. Plaintiff ANITA CALUGAY at all times relevant is or was

the owner of real property commonly known as:

1538 EAST JAHNS DRIVE, CASA GRANDE, AZ 85222.

1

2. Defendant GMAC MORTGAGE, hereinafter referred to as to as "GMAC", is a company who on information and belief is conducting business in the State of ARIZONA and is qualified to conduct business in the State of ARIZONA.

3. The true names of Defendants named herein as DOES 1 through 50, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believe and thereon allege that each of the Defendants so designated herein proximately caused and contributed to the facts herein alleged, and Plaintiff will ask to leave of Court to amend the Complaint to insert the true names and capacity of DOES 1 through 50 when the same have been ascertained and to join such Defendants in this action.

4. Plaintiff is informed and believe and thereon alleges that, at all times herein mentioned each of the Defendants sued herein in relation to the property they claim an interest in was the agent and employee of each of the remaining Defendants and at all times was acting within the purpose and scope of such agency employment.

5. On or about June 30, 2006, Plaintiff executed an

"Adjustable Rate Note" promising to pay GMAC Mortgage the sum of $228,000.00 by monthly payments.

6.   The Adjustable Rate Note $28,500.00 was based upon a six months "LIBOR" Adjustable rate.

7. Plaintiff alleges that Defendants and each of them did not explain the working of the interest rate, how it is computed or its inherent volatility or interest only note.

8. Further, on information and belief, Plaintiff  alleges that the Defendants charged and obtained improper fees for the placement of their loan as "sub-prime" when they qualified for a prime rate mortgage which would have generated less in fees and interest.

9. On information and belief, Plaintiff alleges that the service of the purported note was, without their knowledge, by some means may have transferred from or by Defendant either completely or by association or other means to another Defendant unknown to Plaintiff provided services in various forms to others which were of such nature to render them a "Servicer" within the definition found within 26 U.S.C. S 2605.

10.   The Deed of Trust was recorded with the PINAL County Recorder.

**FIRST CAUSE OF ACTION**
(Violation of 15 U.S.C. S 1611 et seq.)

3

Against all Defendants

11.  Plaintiff repeats and realleges Paragraphs 1 through 10 as though fully set forth herein.

12.  On information and belief, Plaintiff alleges that Defendants GMAC Mortgage and each of them are agents or employees or persons actively involved in the extension of credit as the term is defined under the Truth in Lending Statute (TILA).

13.  On information and belief, Plaintiff alleges that Defendants and each of them are subject to the requirements of the Truth in Lending Statute (TILA) and have violated the requirements of the act in that among other things:

A. They have refused and continued to refuse to validate or otherwise make full accounting and the required disclosures as to the true finance charges and fees;

B. They have improperly retained funds belonging to Plaintiffs in amounts to be determined;

C. They have failed to disclose the status of the ownership of the loans.

14.  Plaintiff further alleges that these violations are such as to require rescission or cancellation of the loan herein and return of all funds received by Defendants from Plaintiff.

15.  Plaintiff further alleges that they are entitled to

4

compensatory damages in an amount to be determined at trial.

16.   Plaintiff further alleges that they are entitled to attorney fees according to statute in the event that they retain counsel.

17.   On information and belief, Plaintiff alleges that Defendants have acted in violation of the TILA act, willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiff and as such, Plaintiff is entitled to punitive damages.

### SECOND CAUSE OF ACTION
(Violation of 26 U.S.C. S 2605 et seq.)
Against ALL Defendants

18.   Plaintiff repeats and realleges Paragraphs 1 through 10 as though fully set forth herein.

19.   Based upon information and belief, and on that basis Plaintiff alleges that the Defendants and each of them fall within the requirements of the Real Estate Settlement Procedures Act (RESPA).

20.   Based upon information and belief, and on that basis Plaintiff alleges that Defendants and each of them, placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned.

21.   Based upon information and belief, and on that basis Plaintiff alleges that GMAC Mortgage individually or jointly, are "Servicers" as that term is used within the RESPA act and either individually or jointly violated the requirements of 26 U.S.C. S 2605(B) in that the servicing contract or duties there under were transferred or hypothecated without the required notice.

22.   Plaintiff alleges that these violations require rescission of the loan and a return of all funds received by Defendants from Plaintiff.

23.   Plaintiff further alleges that they are entitled to compensatory damages in an amount to be determined at trial.

24.   Plaintiff further alleges that they are entitled to attorney fees according to proof in the event that they retain counsel.

**THIRD CAUSE OF ACTION**
(Violation of 15 U.S.C. S 1602 et seq.)
Against ALL Defendants

25.   Plaintiff repeats and realleges Paragraphs 1 through 10 a though fully set forth herein.

26.   Based up information and belief, and on that basis Plaintiff alleges that the mortgage obtained by Plaintiff through Defendants by means unknown and enforced by other Defendants herein falls within the purview of 15 U.S.C. S 1602

et seq., commonly known as the "Home Ownership and Equity Protection Act of 1994" (HOEPA).

27.   Based upon information and belief, and on that basis Plaintiff alleges that the loan was placed in a violation of the HOEPA act as it was placed and administrated and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing a default.

28.   Plaintiff became aware of this upon discovery of Defendants intent to wrongfully foreclose and sell their property.

29.   As a result and a legal consequence of the above actions, Plaintiff have been damaged in a sum to be proven at trial.

### FOURTH CAUSE OF ACTION
(Violation of 15 U.S.C. S 1692)
Against ALL Defendants

30.   Plaintiff repeats and realleges Paragraphs 1 through 10 as though they fully set forth herein.

31.   Based upon information and belief, Plaintiff alleges that Defendants and each of them are "Debt Collectors" either acting for them self or through agents as that term is used in the United States Code.

32.   Plaintiff alleges that they duly and properly on more

than one occasion requested validation of the "debt" under 15

U.S.C. S 1692, the Fair Debt Collection Practices Act (FDCPA).

33.  Plaintiff further alleges that Defendants did not

respond to their demands in such a way as to meet the

requirements of the act.

34.  Plaintiff is entitled to statutory damages under the

FDCPA.

**FIFTH CAUSE OF ACTION**
(Breach of Fiduciary Duty)
Against ALL Defendants

35.  Plaintiff repeats and realleges paragraphs 1 through

10 as though fully set forth herein.

36.  At all times relevant, Defendants created, accepted

and acted in a fiduciary relationship of great trust and acted

for and were the processors of property for the benefit of

Plaintiff.

37.  Defendants further placed themselves in a position of

trust by virtue of the expertise represented by and through

their employees.

38.  Defendants breached their fiduciary duties owed to

Plaintiff as they have acted and continue to act for their own

benefit and to the detriment of Plaintiff.

39.  Among other things, they may have placed and

negotiated loans without due care to the best interests of Plaintiff or for the protection of their rights.

40.   As a consequence and proximate result of the breach of fiduciary duties, Plaintiff have suffered economic damages, loss of funds and payment of fees improperly incurred in an amount to be proved by trial.

41.   On information and belief, Plaintiff alleges that Defendants have acted willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiff and as such, Plaintiff is entitled to punitive damages.

## SIXTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)
Against ALL Defendants

42.   Plaintiff repeats and realleges Paragraphs 1 through 10 as though fully set forth herein.

43.   Plaintiff alleges that at all times there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of the Plaintiff. Additionally said covenant prohibited Defendants from activities interfering with or contrary to the rights of  the Plaintiff.

44.   Plaintiff alleges that the commencement of

9

foreclosure proceedings upon the property lawfully belonging to Plaintiff without the production of documents demonstrating the lawful rights for the foreclosure constitutes a breach of the implied covenant.

45.   As a consequence and proximate result, Plaintiff have been damaged in a sum to be proven at trial.

## SEVENTH CAUSE OF ACTION
(Injunctive Relief)
Against ALL Defendants

46.   Plaintiff repeats and realleges paragraphs 1 through 10 as though fully set forth herein.

47.   Plaintiff seeks a determination as to the legal status of the parties to the Adjustable Rate Note and the Deed of Trust.

48.   Defendants claim that they are the lawful beneficiary.

49.   Defendants should be required to provide the original note and all subsequent notes with appropriate endorsements thereon so the court may determine under Arizona Law, who owns the property.

## EIGHTH CAUSE OF ACTION
(For Declaratory Relief)
Against ALL Defendants

50.   Plaintiff repeats and realleges Paragraphs 1 through 10 as though fully set forth herein.

51.   A dispute has arisen between and among Plaintiff and Defendants and each of them as to duties and obligations of the respective parties with regard to the loan and foreclosure.

52.   These disputes concern, but are not limited to, the ownership rights and the validity of the foreclosure process.

53.   Plaintiff further alleges that a declaration of rights and duties of the parties herein is essential to determine the actual status and validity of the loan, Deed of Trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matters.

WHEREFORE, Plaintiff prays for damages as follows:

1. For compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00);

2. For punitive damages in the amount in excess of Twenty Five Thousand Dollars ($25,000.00);

3. For any statutory or compensatory damages according to proof;

4. For rescission of the contract and loan.

5. For attorney's fees in the event that counsel is retained;

6. For such other and further relief as the Court deems just and proper.

DATED this ___3rd___ day of September, 2009

_Anita Calugay_
ANITA CALUGAY
Plaintiff, In Pro Per