**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Anita Calugay, | ) | No. CV-09-1947-PHX-LOA |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| GMAC Mortgage; GMAC; and Green Tree Services, | ) ) ) | |
| Defendants. | ) ) ) | |

This case arises on the Court's review of the file regarding Defendant GMAC Mortgage and other named Defendant which have not yet appeared in this action. Pending for ruling is Defendant Green Tree Servicing LLC's Motion to Dismiss. (docket # 7)

Plaintiff filed her Complaint on September 18, 2009, alleging eight federal and state causes of action. It appears that *pro se* Plaintiff is attempting to serve Defendant GMAC Mortgage, allegedly an out-of-state "company . . . conducting business in the State of ARIZONA," by certified mail in Waterloo, Iowa. (docket ## 1, 5) Although the return receipt indicates received Plaintiff's certified mail on September 22, 2009, Plaintiff has not filed a Rule 4.2(c) affidavit to date.

"A plaintiff must serve all defendants with a copy of the summons and complaint within 120 days of filing a complaint." *Robinson v. Heritage Elementary School*,

2009 WL 1578313, * 2 (D.Ariz. 2009) (citing Rule 4(m), Fed.R.Civ.P.). Federal Rule of Civil Procedure 4 contains detailed provisions on the manner in which service should occur. "A plaintiff may also utilize the service of process rules that apply in the state in which the federal district court is located or, if service is effected in another state, the rules of that state." *Id*. (citing Rule 4(e)(1), Fed.R.Civ.P.) (footnote omitted). "Therefore, service of process will be upheld if it conforms to either federal or Arizona's service of process rules." *Id*. Arizona allows service by mail upon a party "[w]hen the whereabouts of [such] party outside the state is known." Arizona Rule of Civil Procedure ("ARCP") 4.2(c); *Barlage v. Valentine*, 210 Ariz. 270, 110 P.3d 371 (Ariz.Ct.App. 2005).

Arizona Rule of Civil Procedure 4.2(c) provides that "service may be made [upon an out-of-state party] by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt. . . Upon return through the post office of the signed receipt, the serving party *shall file an affidavit with the court*. . . ." Rule 4.2(c), ARCP, (emphasis added). "[W]ith service by mail under Rule 4.2(c), . . . [Rule 4.2(c)] requires . . . an affidavit containing nothing more than the same information found in a process server's return." *Creach v. Angulo*, 186 Ariz. 548, 551, 925 P.2d 689, 692 (Ariz.Ct.App. 1996), *affirmed by* 189 Ariz. 212, 941 P.2d 224 (Ariz. 1997).

Service of process by mail is not complete, however, until a plaintiff or her attorney complies with all aspects of Rule 4.2(c), ARCP. *Postal Instant Press v. Corral Restaurants, Inc.*, 186 Ariz. 535, 537, 925 P.2d 260, 262 n. 2 (Ariz. 1996) (Rule 4.2(c) "expressly permits such service to be completed by the use of '. . . any form of mail requiring a signed and returned receipt.' Certified mail with a return postal receipt falls within this definition. Therefore, to effect service outside the state, the serving party must first obtain the signed postal receipt and then must prepare and file an affidavit, as described in Rule 4.2(c), to which the receipt must be attached."). Also see, *Walker v. Los Angeles County*, 2008 WL 4447011, * 3 (D.Ariz. 2008) (plaintiff did not file a proper affidavit of service pursuant to Rule 4.2(c), ARCP). Rule 4.2(c) itself makes clear that "[s]ervice shall

be deemed complete and time shall begin to run for the purposes of [the time to answer or otherwise appear] from the date of receipt by the party being served, provided that no default may be had on such service until such an affidavit has been filed." Rule 4.2(c), ARCP.

On the Court's own motion,

**IT IS ORDERED** that Plaintiff shall complete service of process on all Defendants named herein by **Monday, January 18, 2010** or such Defendants may be dismissed from this lawsuit without prejudice.

DATED this 2nd day of November, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge