**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Anita Calugay, | ) | No. CV-09-1947-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| GMAC Mortgage; GMAC; and Green Tree Services, | ) | |
| Defendants. | ) | |

This case arises on Defendant Green Tree Servicing, LLC's ("Green Tree") Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P, filed on October 9, 2009. ( docket #7) Despite fair warning that *pro se* Plaintiff must file a timely response or her Complaint may be dismissed, docket # 11, no response has been filed in opposition to Defendant Green Tree's Motion. Plaintiff and Defendant Green Tree have expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (docket ## 6, 10) Defendant's Motion to Dismiss will be granted.

Generally, a plaintiff's failure to oppose a motion is deemed to be her consent to it being granted. LRCiv 7.2(i); *Garcia v. GMAC Mortgage, LLC*, 2009 WL 2782791, at * 1 (D.Ariz. 2009) ("If an argument is not properly argued and explained, the argument is waived.") (citing LRCiv 7.2(i), (b), (c)); *Doe v. Dickenson*, 2008 WL 4933964 at *5 (D.Ariz. 2008) ("[t]he Court is entitled to treat Plaintiffs' failure to respond as waiver of the issue and

consent to Defendants argument.) (citing LRCiv 7.2(i), (b), (c); *Currie v. Maricopa County Cmty. College Dist.*, 2008 WL 2512841, at * 2 n.1 (D.Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion[.]"); *E.E.O.C. v. Eagle Produce, L.L.C.*, 2008 WL 2796407, at * 2 (D.Ariz. 2008) ("Parties must come forward with their points and authorities in support of or in opposition to a motion."). "In its discretion, however, the Court will also evaluate the merits of Defendants' challenge." *Doe*, 2008 WL 4933964 at *5 (citing LRCiv 7.2(i) ("[N]on-compliance *may* be deemed a consent to the denial or granting of the motion[.]") (emphasis in original).

Independently reviewing the merits of Defendant's Motion, it is well-taken. There is not a single specific allegation in the Complaint directed to Defendant Green Tree. Other than conclusory claims against "Defendants and each of them" and offering the bare conclusion each Defendant was the agent and employee of the other, the Complaint fails to set forth sufficiently specific allegations against Defendant Green Tree as required by Rule 8(a), Fed.R.Civ.P., to put Defendant Green Tree on notice of the claims against it.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations and emphasis omitted). The Complaint fails to state any claims against Green Tree upon which relief can be granted.

1 | Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants."). See also *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (stating that *pro se* litigants should not be treated more favorably than parties represented by attorneys). Because Plaintiff has not requested leave to file an amended complaint and filing an amended complaint would likely be futile regarding Defendant Green Tree, likely a loan or mortgage servicer, *Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187 (D.Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178 (D.Ariz. 2009), the Court will dismiss the Complaint with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant Green Tree Servicing, LLC's Motion to Dismiss, docket #7, is **GRANTED** and hereby dismissing Plaintiff's Complaint against Defendant Green Tree Servicing, LLC only with prejudice.

DATED this 16th day of November, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge