**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anita Calugay,<br><br>    Plaintiff,<br><br>vs.<br><br>GMAC Mortgage; GMAC; and Green Tree Services,<br><br>    Defendants. | No. CV-09-01947-PHX-LOA<br><br>**ORDER** |

Plaintiff has failed to respond in writing to the Court's Order to Show Cause issued on January 20, 2010. (docket # 14) The Plaintiff has consented to magistrate-judge jurisdiction on October 5, 2009. (docket # 6) There has been no activity by Plaintiff in this case since

Plaintiff filed her *pro se* Complaint on September 18, 2009. (docket # ) The Court issued its Order to Show Cause on January 21, 2010 as a result of Plaintiff's apparent failure to complete service of process on all Defendants by January 18, 2010 per the Court's November 3, 2009 order. (docket ## 12, 14) The Court has since granted Defendant Green Tree Servicing, LLC's Motion to Dismiss with prejudice pursuant to Rule 12(b)(6), Fed.R.Civ.P. (docket #13) Further, since the issuance of the Court's January 21, 2010 Order to Show Cause, the Plaintiff's response deadline of February 2, 2010 has expired without any response. To date, Plaintiff has not complied with the Court's orders by either serving the other Defendants, GMAC Mortgage and GMAC, or

showing good cause why this lawsuit should not be dismissed in its entirety. See, LRCiv 41.1 (docket ## 12 and 14) It is quite apparent that Plaintiff has abandoned this litigation.

In the January 21, 2010 Order to Show Cause, Plaintiff was advised that pursuant to Rule 41(b), Fed. R. Civ. P., and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court has the inherent power to control its docket and in the exercise of that power, it may impose sanctions including, where appropriate, dismissal without prejudice for failure to prosecute or failure to comply with court orders.

"It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure . . . to comply with its orders." *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887, 887 (5th Cir. 1968) (citing cases); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (court may "fashion appropriate sanction for conduct" including "outright dismissal"). "While the authority is reiterated in some of the Federal Rules of Civil Procedure for particular situations,[1] the power is one inherent in the courts 'in the interest of the orderly administration of justice.' It may be exercised *sua sponte* under proper circumstances. The exercise of the authority is discretionary, and is subject to review for abuse of discretion." *Flaksa*, 389 F.2d at 887.

"Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943)). Because a district court has the inherent power to control its docket, it may exercise that power by imposing sanctions including, where appropriate, dismissal of a case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Anheuser-Busch, Inc.*

---

[1] Rule 41(b), Fed. R. Civ. P., permits a district court to *sua sponte* dismiss an action for failure to comply with its orders. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281, 283-84 (9th Cir. 1970); *Gonzales v. UNUM Life Ins. Co. of America*, 2008 WL 2610552 (N.D.Cal. 2008).

1  *v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (public interest "in
2  expeditious resolution of litigation," district court's need to manage its docket, risk of
3  prejudice to party seeking sanctions, public policy favoring disposition on the merits,
4  availability of lesser sanctions, bad faith of violating party, relationship between conduct
5  and merits); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)
6  (personal responsibility of party, prejudice to other party, history of dilatory conduct,
7  willfulness or bad faith, other sanctions, merits of claim or defense).

   In determining whether to dismiss a case for failure to comply with a court order, district courts weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260-61. Additionally, Plaintiff's failure in this case to comply with court orders is frustrating the court's responsibilities mandated by Rule 1, FED.R.CIV.P., ("These rules . . . shall be construed and administered to secure the just, *speedy*, and inexpensive determination of every action.") (emphasis added), and by the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq.*, such as, "setting early, firm trial dates, such that the trial is scheduled to occur to occur *within eighteen months* after the filing of the complaint. . . ." 28 U.S.C. §473(a)(2) (emphasis added). A *pro se* plaintiff's status does not discharge her obligation to "abide by the rules of the court in which [s]he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

   After considering and weighing all five *Ferdik* factors to determine if dismissal is appropriate due to Plaintiff's failure to comply with the Court's orders and to serve process within 120 days of filing the Complaint per Rule 4(m), FED.R.CIV.P., the Court concludes that dismissal of Plaintiff's Complaint without prejudice is appropriate and just under the circumstances of this case.

   / / /
   / / /

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is hereby dismissed without prejudice. The Clerk is kindly directed to terminate this case.

Dated this 3rd day of March, 2010.

Lawrence O. Anderson
United States Magistrate Judge